# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:10-CR-57 |
| | § | Judge Schneider |
| WILLIAM DOUG MITCHELL (26) | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Suppress (Dkt. #547). Having considered the relevant pleadings, and argument of counsel at the October 27, 2010 hearing, the Court is of the opinion that Defendant's motion should be granted.

### BACKGROUND

Defendant is charged along with thirty-one other defendants in a multi-count indictment. Defendant was charged in Counts One, Five and Six. Count One alleges that Defendant conspired with others to commit mail and wire fraud in violation of 18 U.S.C. § 1349. Counts Five and Six allege Defendant committed mail fraud, all in violation of 18 U.S.C. §§ 1341 and 2.

On September 13, 2010, Defendant filed his motion to suppress (Dkt. #547). On September 22, 2010, the Government filed a response to the motion to suppress and the motion in limine (Dkt. #561). On October 27, 2010, the Court held a hearing on the motion to suppress.

Prior to the start of the federal prosecution, Defendant was under investigation by the State of Texas. Although Defendant had not been indicted by the State of Texas, Defendant and his counsel negotiated a plea agreement with the State for the same or similar conduct that arises in Defendant's federal prosecution. This agreement was entitled, "Voluntary Confession and Plea Agreement" (the "Plea Agreement"). Defendant had not been charged by the State of Texas and the

Plea Agreement has never been presented to a court of the State of Texas. Defendant has not entered a plea of guilty subject to the Plea Agreement in any State court.

Defendant's counsel has been advised that the Government intends to offer parts of the Plea Agreement into evidence in this case. Defendant moves to suppress any written or oral statements[1] made by him while negotiating the Plea Agreement with the State of Texas, on the grounds that Defendant had not pleaded guilty to any offense that is the subject of this agreement. Defendant also asserts that any statements he made in the Plea Agreement were not made knowingly and voluntarily but were the product of coercion and duress. Finally, Defendant asserts that Federal Rule of Criminal Procedure 410 prohibits use of the Plea Agreement in this case.

The central question before the Court is whether Rule 410 prohibits the Government from using the Plea Agreement executed in relation to a State of Texas prosecution. Defendant asserts that Rule 410 prohibits use of the Plea Agreement in federal court. The Government asserts that Rule 410 is not implicated in this case.

Federal Rule of Criminal Procedure 11(f) provides that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Federal Rule of Evidence 410 provides as follows:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
> (1) a plea of guilty which was later withdrawn; (2) a plea of nolo contendere; (3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a

---

[1] In the Government's response, the Government only seeks to introduce the confession itself into evidence, as opposed to any oral statements made during the plea negotiations.

2

plea of guilty later withdrawn.
However, such a statement is admissible (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record and in the presence of counsel.

Waiver of Rule 410 protection has been allowed. In *United States v. Mezzanatto*, 513 U.S. 196 (1995), the Supreme Court held that a criminal defendant could waive Rule 410 protection and make otherwise excludable plea statements admissible at trial unless there was some affirmative indication that the agreement was entered into unknowingly or involuntarily. *Id.* at 210. However, the Supreme Court allowed only a limited waiver that allowed the government to use statements made in plea negotiations to impeach the defendant if he testified at trial. The Fifth Circuit addressed the question of whether these types of statements would be allowed in the government's case-in-chief in *United States v. Sylvester*, 583 F.3d 285 (5th Cir. 2009). The Fifth Circuit considered the issue and extended *Mezzanatto* to allow a case-in-chief waiver. *Id.* at 289.

In this case, the Court is presented with a case of first impression. Can a plea agreement between the State of Texas and the Defendant, which contains a waiver clause, be used in a federal prosecution, thereby waiving Defendant's Rule 410 protection. The Plea Agreement's waiver clause provides as follows:

> Defendant Mitchell also agrees that once he and his counsel have executed this seven-page Voluntary Confession and Plea Agreement, the State can seek to admit it as evidence against him in any future criminal prosecution, and that he and his counsel will not interpose any legal objection to its admission into evidence.

The Plea Agreement was executed by Defendant and his State court counsel.

No argument is being made that the waiver in question was entered into by fraud or coercion

3

or was entered into unknowingly or involuntarily.[2] The Court agrees with the Government that this waiver clause would qualify under the *Mezzanatto* and *Sylvester* standards as a waiver for use in a State court proceeding. However, the Court disagrees with the Government that the waiver allows for use of the Plea Agreement in federal court, at least in regard to the Government's case-in-chief.[3] The waiver clause allows the State to use the Plea Agreement in any future State court criminal prosecution. The Plea Agreement was negotiated with the State, and the United States was not a party. Nowhere in the Plea Agreement is there any indication that the statements made therein could be used by the federal government in a later prosecution for a federal offense. The Government asserts that the waiver provision allowed the Plea Agreement to be used in "any court." The Government's argument is misplaced. The plain text of the Plea Agreement limits the use of the Plea Agreement to use by the State. The waiver could have been drafted in a way that would have allowed its use in any future criminal prosecution, but that is not what we have before the Court.[4]

At the hearing, the Government asserted that Rule 410 is not implicated because when Defendant executed the waiver, the character of the evidence was changed and it is now an admission by a party opponent. The Government provided no cases to support this position.[5] The

---

[2] Defendant does make the argument in his motion that the Plea Agreement was not made knowingly and voluntarily but was the product of coercion and duress. However, Defendant did not advance that argument at the hearing and offered no evidence to support that claim at the hearing. Defendant does assert that the waiver was not a knowing and voluntary federal Rule 410 waiver.

[3] The Court does not reach the question of whether the Plea Agreement could be used for purposes of impeachment.

[4] The Government asserted at the hearing that it had evidence to support the notion that it was contemplated that the Plea Agreement could have been used in a future federal criminal prosecution. Although the evidence was not offered, the Court finds it irrelevant. The Court must decide the question based upon the written document actually executed by the parties.

[5] Both *Mezzanatto* and *Sylvester* were federal cases and did raise the issue before the Court.

Court does not agree that the waiver in a State plea negotiation changes the character of the evidence making Rule 410 irrelevant.

The Government also asserted at the hearing that the text of Rule 410 supports its position. The Government points the Court to the following portion of the rule that provides that "(3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas." The Government argues that this portion of the rule is in the conjunctive. The Court does not find that this portion of the rule is applicable to this case. Defendant never entered a formal plea in State court and there was no State court plea hearing. However, even if the Government is correct, the Court still finds that, based upon the facts of this case, the Plea Agreement is not a Rule 410 waiver for purposes of a federal prosecution.

Therefore, the United States cannot offer the Plea Agreement in its case-in-chief and the motion to suppress should be granted.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress Evidence (Dkt. #547) be GRANTED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 10th day of December, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE